2006 MAY 30 PM 2: 35

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dealer Tire, LLC<br>3711 Chester Avenue<br>Cleveland, OH 44114,<br><br>                         Plaintiff,<br><br>vs.<br><br>Marc S. Lombardo<br>1 Lexington Hills Road<br>Unit #6<br>Harriman, NY 10926,<br><br>                         Defendant. | CASE NO. **1:06CV1325**<br>JUDGE **JUDGE BOYKO**<br><br>COMPLAINT FOR INJUNCTIVE RELIEF<br>AND DAMAGES<br>**MAG. JUDGE BAUGHMAN**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Dealer Tire, LLC ("Dealer Tire"), by and through counsel, as and for its Complaint, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action arising from a former employee's violation of his Non-Competition, Non-Solicitation, and Non-Disclosure Agreement through his new employment with a company that provides goods or services of the same nature as his prior employer, through his solicitation of his prior employer's customers, and through his interference with the Company's relationships with its customers. Since Defendant has rejected Dealer Tire's attempts to obtain Defendant's compliance via letter, Dealer Tire brings this action to protect its

rights and interests that have been violated by Defendant and to obtain appropriate injunctive and other relief.

## VENUE AND JURISDICTION

2.  Venue is proper in this district because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

3.  Jurisdiction is proper in this Court because this litigation is between citizens of different states, i.e., diversity jurisdiction under 28 USC §1332(a)(1), and the amount in controversy exceeds $75,000, exclusive of interest and costs

4.  This Court has personal jurisdiction with respect to Defendant in this matter because Defendant Marc S. Lombardo ("Defendant Lombardo") breached a contract formed in Ohio with a company headquartered in Ohio, because Defendant Lombardo **specifically agreed that jurisdiction (as well as venue) is proper in Ohio** (see ¶ 16 hereof), and because Defendant Lombardo has tortiously interfered with the prospective economic advantage of his former employer, Dealer Tire, a company headquartered in Ohio.

## THE PARTIES

5.  Dealer Tire is a Delaware limited liability company with its headquarters and its principal place of business at 3711 Chester Avenue in Cleveland, Cuyahoga County, Ohio. Dealer Tire employees approximately 150 associates in Ohio, plus approximately 200 additional associates outside of Ohio, for a total of approximately 350 associates throughout the United States. (Exhibit A, Affidavit of Dealer Tire's National Sales Leader, Kevin R. Weidinger (hereinafter referred to as Weidinger Affidavit) ¶ 3.)

6.  Defendant Lombardo is an individual who, upon information and belief, resides in Harriman, Orange County, New York.

## FACTUAL BACKGROUND

7. In 2001, Defendant Lombardo was hired by Dealer Tire. Dealer Tire had just been founded by Scott Mueller and Dean T. Mueller. At that time, Dealer Tire employed a total of only approximately 40-50 associates. (*Id.* ¶ 4.)

8. From 1918 to 2002, the Mueller family had been the owners and operators of Mueller Tire, a retail seller of tires and related products and services in the Northeast Ohio area. The Muellers sold the Mueller Tire business in 2002. While operating in the retail business, the Muellers also started to develop strategies and a program designed to help automotive dealerships enter the tire retail business. (*Id.* ¶ 5.)

9. After the sale of Mueller Tire, the Muellers focused exclusively on developing their new business venture -- i.e., Dealer Tire, focusing on the automotive dealership channel. The business of Dealer Tire would be to sell tire "programs" and tires and associated products to automobile dealers across the nation. The business would be and is facilitated by "alliances" with the OEM automobile manufacturers, including Audi, BMW, Mini-Cooper, DaimlerChrysler (Mopar), Infiniti, Lexus, Kia, Mercedes-Benz, Porsche, Nissan, Saab, Toyota, and Volkswagen. (*Id.* ¶ 6.)

10. At the beginning of Defendant Lombardo's employment, and on many additional occasions over his five years of employment, Dealer Tire provided Defendant Lombardo with specialized training in connection with developing business and developing relationships with the owners, managers, and other representatives of automobile dealerships and with "field representatives" of the various automobile manufacturers. This training and dealership channel knowledge provided Defendant Lombardo with an understanding of, among other things, Dealer Tire's pricing system, dealership lists, dealership contacts, marketing strategies, sales techniques, selling process, tire program elements, automobile manufacturer field contacts, and channel unique information technology. (*Id.* ¶ 7.)

11. On or about July 17, 2001, Defendant Lombardo signed a "Non-Competition, Non-Solicitation, And Non-Disclosure Agreement" with Dealer Tire (hereinafter referred to as the "Contract"), a copy of which is attached to the Weidinger Affidavit as Attachment 1. (*Id.* ¶ 8.)

12. In the Contract, Defendant Lombardo and Dealer Tire acknowledge that the Contract is necessary "to protect the company against the unfair competition by [Defendant Lombardo] that would necessarily result from [Defendant Lombardo] using the specialized knowledge and training provided by the Company to compete against it; and to protect the Company against the unfair competition that result from employee being the contact and liaison between the Company and its customers." (Exhibit A, Weidinger Affidavit, Attachment 1, Contract at p. 2.) The parties further acknowledge that "it has taken the Company substantial time and expense in which to develop its . . . expertise, . . . list of customers, their patronage, and good will." (*Id.* ¶ 1.)

13. The Contract provides, among other things, that for one year after the ending of Defendant Lombardo's employment, Defendant Lombardo may not be employed with another company that provides "goods or services of the same or similar nature as those provided by [Dealer Tire] . . . or that otherwise competes with [Dealer Tire] within those geographic markets in which the Company does business. . . ." (Exhibit A, Weidinger Affidavit, Attachment 1, Contract §1.)

14. In addition, the Contract provides that for two years after the ending of Defendant Lombardo's employment, Defendant Lombardo shall not "interfere [with] . . . any relationships between the Company and its customers" or "[divert] or [solicit] or [attempt] to divert or solicit any customers of the Company." (Exhibit A, Weidinger Affidavit, Attachment 1, Contract §2.)

15. Also, the Contract provides that in the event of Defendant Lombardo's breach of the Contract, Defendant Lombardo "consents that temporary and permanent injunctive relief may be granted in any proceeding which may be brought to enforce any provision of [the

Contract] without the necessity for proof of actual damages and without bond." (Exhibit A, Weidinger Affidavit, Attachment 1, Contract §5.)

16. Finally, the Contract provides, among other things, that it "shall be governed by and interpreted under the laws of the State of Ohio," that Defendant Lombardo "irrevocably submits to the exclusive jurisdiction of the United States District Court for the Northern District of Ohio or the Court of Common Pleas of Cuyahoga County, Ohio in any such action," that Defendant Lombardo "waives any objection . . . to venue therein," and Defendant Lombardo "consents to service of process as if [he] were a resident of Ohio and had been lawfully served with process in [Ohio]." (Exhibit A, Weidinger Affidavit, Attachment 1, Contract §8.)

17. The above-referenced provisions of the Contract (as well as the remaining provisions of the Contract) are reasonable and enforceable in all respects. They are reasonably necessary to protect the legitimate business interests of Dealer Tire. (Exhibit A, Weidinger Affidavit, ¶ 9.)

18. Defendant Lombardo was provided with valuable and sufficient consideration for his agreement to and execution of the Contract including, but not limited to, his continued employment with Dealer Tire, as well as a special monetary payment in the amount of $300.00. (Id. ¶ 10.)

19. Prior to the ending of his employment, Defendant Lombardo held the position of Regional Account Manager for Dealer Tire. He was assigned to the territory that included the five Burroughs of New York City, West Chester County, N.Y., Long Island, N.Y., and Western Connecticut. Prior to 2005, Defendant Lombardo was assigned an even larger territory. The territory to which Defendant Lombardo was assigned is critical to the business of Dealer Tire. In 2005, it accounted for annual sales of at least $6,200,000.00. (Id. ¶ 11.)

20. Dealer Tire's relationships between its Regional Account Managers and automobile dealers are critical to the success and survival of its business. (Id. ¶ 12.)

21. Defendant Lombardo's duties as a Regional Account Manager included developing -- on behalf of Dealer Tire and for Dealer Tire's benefit --relationships with representatives of automobile dealerships in order to market Dealer Tire's tire program and products to such dealerships and to develop relationships with automobile manufacturers' "field representatives." As part of his duties, Defendant Lombardo had regular face-to-face visits with dealership owners, general managers, service managers, parts managers, service advisors, and technicians and other representatives of car dealerships in Dealer Tire's Alliance Network, including Audi, BMW, Mini-Cooper, DaimlerChrysler (Mopar), Infiniti, Lexus, Kia, Mercedes-Benz, Porsche, Nissan, Saab, Toyota, and Volkswagen. This position required regular, active, and close face-to-face and telephonic customer contact. In fact, Regional Account Managers serve as Dealer Tire's principal sales contacts with Dealer Tire's customers. Like all Dealer Tire Regional Account Managers, Defendant Lombardo developed relationships for Dealer Tire that afforded him with detailed familiarity with the business needs and preferences of the Dealer Tire customers he serviced. (*Id.* ¶ 13.)

22. Defendant Lombardo was terminated from his Regional Account Manager position with Dealer Tire in January 2006. One of the reasons for Defendant Lombardo's termination was his ongoing practice of disparaging Dealer Tire to the company's customers, including the very representatives of the automobile dealerships on whom he regularly called. Defendant Lombardo persisted in this conduct despite repeated warnings that he must stop. (Exhibit B, Affidavit of Dealer Tire's Eastern Divisional Sales Manager, David J. Jordanger (hereinafter referred to as Jordanger Affidavit) ¶ 3.)

23. Per his own admission, shortly after his termination by Dealer Tire, Defendant Lombardo went to work for Mallory-Kotzen Tire Co., Inc. ("MK Tire"). (*Id.* ¶ 4.) Upon information and belief, MK Tire is a New York corporation with its principal place of business in the state of New York. Upon information and belief, Defendant Lombardo remains employed by MK Tire to this day.

24. Since Defendant Lombardo became (and continues to be) employed by another company that provides "goods or services of the same or similar nature as those provided by [Dealer Tire]," Defendant Lombardo has breached and is in violation of the Contract, including Section 1 thereof.

25. In addition, on behalf of his new employer MK Tire, Defendant Lombardo has solicited and/or made sales to the very same customers of Dealer Tire on whom he called while employed by Dealer Tire. (*Id.* ¶¶ 5-6.)

26. In April 2006, Defendant Lombardo telephoned Mr. Jordanger, who had been Defendant Lombardo's immediate supervisor at Dealer Tire prior to the end of Defendant Lombardo's employment. Defendant Lombardo advised Mr. Jordanger that he had become employed by MK Tire. Defendant Lombardo also told Mr. Jordanger that he was selling Bridgestone tires to Dealer Tire's customers, including to Lexus of Greenwich, Connecticut. Lexus of Greenwich is one of Dealer Tire's customers serviced by Defendant Lombardo prior to his termination from employment with Dealer Tire. Defendant Lombardo advised that he had already sold approximately 100 Bridgestone Tires to this customer. (*Id.* ¶¶ 2,4-7.)

27. Notably, among the various major tire manufacturers, Dealer Tire does not have a direct relationship with Bridgestone. Thus, Defendant Lombardo's sale of Bridgestone tires to Dealer Tire's customers on behalf of MK Tire amounts to Defendant Lombardo's exploiting a relative weakness of Dealer Tire, thus damaging the relationship between Dealer Tire and its customer as well as damaging Dealer Tire's goodwill. Damage of this nature to the Dealer Tire's relationships and business goodwill is both significant and difficult to measure with monetary precision. (Exhibit A, Weidinger Affidavit ¶ 14.)

28. As a result of Defendant Lombardo's multi-year relationships with representatives of automobile dealerships in his former territory, as well as with "field representatives" of various manufacturers, which relationships were developed for the benefit of, in the name of, and at the expense of Dealer Tire, and as a result of his initial and ongoing training by Dealer Tire,

-7-

Defendant Lombardo, now as an employee of MK Tire, is in a position to irreparably interfere with and damage the relationships of Dealer Tire with its customers. (*Id.* ¶ 15.)

29. It takes significant amounts of time and effort for a Regional Account Manager replacement to be trained, to get up to speed on the territory and customers, and to establish good working relationships with customers and the applicable contact persons. It takes significant time for customers to develop trust for new Regional Account Managers. Under these circumstances, it would be and is unfair for a former employee of Dealer Tire like Defendant Lombardo to solicit on behalf of a new employer the same customers with whom he has developed relationships at Dealer Tire's expense and in Dealer Tire's name. (*Id.* ¶ 16.)

30. Through the above described actions, Defendant Lombardo has breached and is in violation of Section 2 of the Contract in that he has "diverted or solicited or attempt[ed] to divert or solicit . . . customers of [Dealer Tire]," and in that he has "interfere[ed with] . . . relationships between [Dealer Tire] and its customers."

31. In May 2006, Dealer Tire had letters sent to both Defendant Lombardo and to MK Tire advising them of the aforementioned violations of the Contract and demanding that Defendant Lombardo and/or MK Tire correct, cease, and desist from any further such violations and/or the facilitation of such violations. (*Id.* ¶ 17.)

32. Attachment 2 to the Weidinger Affidavit is a copy of the letter that was sent to and received by Defendant Lombardo. (*Id.*)

33. Attachment 3 to the Weidinger Affidavit is a copy of the letter that was sent to and received by MK Tire. (*Id.*)

34. In a letter dated May 11, 2006, counsel for MK Tire responded to Dealer Tire via the letter attached hereto as Exhibit C. Among other things, in that letter, counsel for MK Tire asserts that the Contract is "not enforceable" and requests that Dealer Tire "confirm in writing" that Defendant Lombardo's employment with MK Tire is not in violation of the Contract. In this letter, MK Tire further claims that Defendant Lombardo's employment and sales contacts "will

be restricted to the pre-existing customers of MK for one year following his termination from [Dealer Tire's] employment."

35. In addition to being contrary to the Contract, this suggested "restriction" will not protect Dealer Tire against the immediate and irreparable harm and loss of good will that has occurred and that will continue to occur as a result of Defendant Lombardo's violations of the Contract. To the extent that Dealer Tire and MK Tire have some overlapping customers, it would be unfair and inappropriate for Defendant Lombardo to take advantage of and use to Dealer Tire's detriment the relationships established with such Dealer Tire customers during Defendant Lombardo's five years of employment with Dealer Tire. (Exhibit A, Weidinger Affidavit ¶ 18.)

36. Despite the demands reflected in the above-referenced letters to Defendant Lombardo and to MK Tire, Defendant Lombardo continues to violate the Contract. Through the actions described above, Defendant Lombardo is interfering with Dealer Tire's prospective economic advantage.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

37. Dealer Tire incorporates by reference and realleges, as though fully rewritten herein, the allegations in Paragraphs 1 through 36 above.

38. The above-described conduct of Defendant Lombardo constitute breaches of the Contract.

39. Defendant Lombardo's breaches of the Contract have caused, are causing and, unless enjoined, will continue to cause irreparable harm to Dealer Tire.

40. Dealer Tire has no adequate remedy at law for the irreparable harm caused by Defendant Lombardo's breaches of Contract.

## SECOND CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

41. Dealer Tire incorporates by reference and realleges, as though fully rewritten herein, the allegations in Paragraphs 1 through 40 above.

42. Dealer Tire has valid and legitimate expectances of ongoing or future relationships with its customers that will result in economic advantage to Dealer Tire and Defendant Lombardo knew or should have known of such expectancies.

43. The above-described conduct of Defendant Lombardo constitutes tortious interference with prospective economic advantage in that Defendant Lombardo has interfered with prospective contractual relationships between Dealer Tire and third parties with the purpose or intent to harm Dealer Tire by preventing those relationships from forming or continuing and/or destroying those relationships, and Defendant Lombardo is without privilege or justification in doing so.

44. Defendant Lombardo's tortious interference with Dealer Tire's prospective economic advantage was knowing, willful, malicious, and was with reckless disregard for Dealer Tire's rights.

45. Defendant Lombardo's conduct has caused, is causing, and unless enjoined, will continue to cause irreparable harm to Dealer Tire.

46. Dealer Tire has no adequate remedy at law for the irreparable harm caused by Defendant Lombardo's conduct.

WHEREFORE, Dealer Tire seeks rulings from this Court as follows:

A. That Defendant Lombardo shall not be or remain employed with any other company that provides goods or services of the same or similar nature as those provided by Dealer Tire; this shall include, without limitation, employment with MK Tire;

B. That Defendant Lombardo shall not interfere with any relationship between Dealer Tire and its customers including any automobile dealers that he called on while

employed by Dealer Tire and any other dealer in Dealer Tire's Alliance Network, which includes Audi, BMW, Mini-Cooper, DaimlerChrysler (Mopar), Infiniti, Lexus, Kia, Mercedes-Benz, Porsche, Nissan, Saab, Toyota, and Volkswagen;

  C. That Defendant Lombardo shall not divert business from or solicit or attempt to divert business from or solicit any such Dealer Tire customers;

  D. That Defendant Lombardo shall immediately identify any such customer of Dealer Tire contacted by Defendant Lombardo since the ending of his employment with Dealer Tire or contacted by any other representative or agent (including MK Tire) at the direction of or with the assistance of Defendant Lombardo.

  E. That the Court enter judgment in favor of Dealer Tire and against Defendant Lombardo on each claim for relief and award Dealer Tire compensatory damages against Defendant Lombardo in an amount to be determined at trial, together with interest thereon;

  F. That since Dealer Tire has not been receiving the benefits of the Contract as a result of Defendant Lombardo's contractual violations, that the Court Order that the contractual restrictions of one year (Contract §1) or two years (Contract §2) contained in the Contract not begin to run until Defendant Lombardo has come into complete contractual compliance;

  G. That the Court award punitive damages against Defendant Lombardo in an amount to be determined at trial;

  H. That the Court award Dealer Tire its costs and attorneys fees against Defendant Lombardo including, specifically, that the Court enforce Section 5 of the Contract providing as follows: "[Defendant Lombardo] further agrees to indemnify the Company for attorneys' fees, costs, and/or expenses incurred in the event that the company is required to take any actions or enforce any provision of this agreement" (see Exhibit A, Weidinger Aff., Attachment 1, Contract § 5);

I.  For any such other relief that the Court deems just and proper.

Dated:  May 30, 2006

Respectfully submitted,

*[signature]*

Robert C. Petrulis (0040947)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH  44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email: rpetrulis@bakerlaw.com

Attorneys for Plaintiff
Dealer Tire, LLC

**JURY TRIAL DEMAND**

For those issues which may be tried to a jury, Dealer Tire demands trial by the maximum number of jurors allowed by law.

*[signature]*

Attorney for Dealer Tire, LLC

09900, 00080, 501080683.2